IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTHUR RUNNELS,

    Petitioner,

v.                                Criminal Case No. 05-cr-30184-DRH

                                  Civil Case No. 12-cv-73-DRH

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner Arthur Runnels' motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. For the following reasons, petitioner's petition is summarily **DENIED** as untimely.

On November 15, 2005, petitioner was indicted under 18 U.S.C. § 922(g)(1), as he knowingly possessed a firearm and had previously been convicted of Aggravated Battery, a felony punishable by imprisonment for a term exceeding one year. On January 25, 2006, petitioner pled guilty. This Court concluded that three of petitioner's previous felony convictions- two for drug offenses and one for aggravated battery- qualified him as an armed career criminal. *See* 18 U.S.C. § 924(e)(1). Thus, Petitioner received a sentence of 180 months imprisonment, the statutory minimum (Doc. 39). Petitioner directly appealed his conviction, arguing

solely that this Court should not have counted his two drug convictions separately in assessing whether he had the three needed to trigger the Armed Career Criminal Act. The Seventh Circuit affirmed petitioner's sentence on March 18, 2008. *United States v. Runnels,* 269 Fed. App'x. 610 (7th Cir. Mar. 18, 2008). On January 23, 2012, petitioner filed the instant petition, alleging that he is "actually innocent" of his Section 922(g)(1) conviction, as his civil rights were restored prior to his federal conviction.

Pursuant to Rule 4 of the Rules Governing § 2255 cases, the Court must give initial consideration to petitioner's claims. Rule 4 provides that if it plainly appears from the motion, any attached exhibits and records of prior proceedings that the moving party is not entitled to relief, the judge must summarily dismiss the motion and direct the clerk to notify the moving party. Relevant to petitioner's claims, prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (the Act), a motion under § 2255 could be brought at any time. However, since the Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, petitioner's judgment was entered on June 12, 2006. On March 18, 2008, petitioner's conviction was affirmed on direct appeal. Petitioner did not file a petition for certiorari in the United States Supreme Court. Petitioner filed his instant petition on January 23, 2012. Thus, petitioner's judgment of conviction was final for well over three years prior to the filing of his instant petition.

Regarding his untimely filing, petitioner relies on Section 2255(f)(4). Petitioner alleges that his state convictions were improperly utilized as predicate felonies as to his Section 922(g)(1) conviction and his status as an armed career criminal, as his "civil rights were restored" under Illinois law prior to his federal conviction. He states that upon immediate release from state prison in 2003,

Illinois law restored his rights to hold public office and vote. Thus, petitioner states these convictions could not be regarded as predicate felonies under Section 921(a)(20). Accordingly, petitioner is "actually innocent" of his Section 922(g)(1) offense and was improperly categorized as an armed career criminal.

Petitioner's arguments are not properly before the Court. Under Section 2255(f)(2), petitioner cannot point to some impediment to his raising the instant claim earlier. Under Section 2255(f)(3), petitioner cannot point to a Supreme Court case that recognizes rights made retroactive to his case. As to Section 2255(f)(4), petitioner cannot point to a newly discovered "fact." Petitioner alleges his rights were restored as of 2003, obviously long before his 2005 conviction. Finally, petitioner has not alleged any "extraordinary circumstances" warranting equitable tolling of the statute of limitations. *See Holland v. Florida,* –– U.S. –––, 130 S. Ct. 2549, 2553 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing); *Johnson v. Chandler,* 224 Fed. App'x. 515, 519 (7th Cir. 2007) ("[W]e have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling.").[1] As such, the Court cannot consider petitioner's arguments on the merits. Accordingly, petitioner's Section 2255 petition is **DENIED**.

---

[1] Moreover, without commenting on the merits of petitioner's claims, it is noted that petitioner does not even allege the Illinois Department of Corrections sent him letters informing him of his restoration of rights prior to his Section 922(g)(1) conviction. *See Buchmeier v. United State,* 581 F.3d 561, 566 (7th Cir. 2009) ("[B]ecause the state sent Buchmeier a document stating that his principal civil rights have been restored, while neglecting to mention the continuing firearms disability, the final sentence of § 921(a)(20) means that his burglary convictions do not count for federal purposes.").

Finally, under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485. The Court finds that reasonable jurists would not find it debatable that petitioner

has not stated a valid claim of the denial of a constitutional right, nor would they disagree that the instant petition was not timely filed. Thus, petitioner's petition is **DENIED**, his claims are **DISMISSED WITH PREJUDICE**, and the Court shall not issue a certificate of appealability. The Clerk is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2012.

David R. Herndon
2012.08.09
05:22:00 -05'00'

**Chief Judge**
**United States District Judge**